# SUPERIOR COURT OF BALTIMORE CITY.

Filed November 30, 1898.

KRUM
VS.
MUTUAL LIFE INSURANCE COMPANY.

*David Ash* for plaintiff.

*Chas. J. Bonaparte* and *Paul M. Burnett* for defendant.

RITCHIE, J.—

The grounds are:

1. That the affidavit does not show that it is made "on behalf," &c.

The affidavit is made by the president of the corporation, but does not state in terms that it is made "on behalf" of defendant. It is not necessary that it should.

Stockbridge vs. Fehnestock, 87 Md., 134.

2. That while the entire claim is disputed, the affidavit does not state that defendant will be able to produce evidence to support his pleas as to *the whole amount.*

Section 167, Article 4, L. L. (new Charter, Sec. 312) requires that the defendant's affidavit shall state "the amount of plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed," and also that the affiant believes that the defendant will be able at the trial to produce sufficient evidence "to support the plea *as to the portion disputed*."

The pleas in this case are "never indebted" and "did not promise," and the affidavit states that the *entire claim* is disputed and no part of it admitted, and that the affiant believes that the defendant will be able at the trial to produce sufficient evidence "to support *the said pleas*."

The Act does not in terms say that when the *entire demand* is disputed the affidavit shall aver that defendant will produce evidence to support the plea *as to the whole amount*. It says as to the "portion disputed," referring literally to a case in which part is admitted and part disputed, without any such words as that, in case the entire claim be disputed, the defendant shall make oath that he will be able to support said plea *"as to the whole amount disputed."* But, nevertheless, as the affidavit must attest the defendant's ability to produce evidence to support his plea when he disputes only a *part*, it is not to be supposed that it was intended by the Act to relieve him from making oath in this respect when he disputes *the whole.*

The Court says in Adler's case, 68 Md., 497, that, under this Act, "in addition to the plea, he (defendant) must state specifically to what part of the plaintiff's claim *his plea applies*. If to the whole, he must so state, and if part, he must state what part. The affidavit only narrows the scope of the plea to the precise point in issue."

The true construction of the Act, in my judgment, is this: If the entire claim is disputed, the affidavit means that the plea goes to the entire demand, and when the defendant further makes oath that he will be able at the trial to produce sufficient evidence to "support said plea," he in

fact makes oath that he will support it to the extent to which he has sworn it applies; that is, to the extent of the entire claim. If, on the other hand, the defendant admits part and disputes part, and thus "narrows the scope of the plea," he is not required to make oath that he will support the *whole* plea; that is, to its full scope, but only that he will support it to the extent to which he has narrowed it; that is, to the extent of the "portion disputed."

While this point was not made in May vs. Wolverton, 69 Md., 117, it was involved in and is practically disposed of by that case. Among the pleas in that case was one of full satisfaction and payment. The affidavit said nothing as to whether the whole or any part of the claim was disputed, and in this connection stated, just as it is stated here, that the defendants would produce sufficient evidence to support "the said pleas." The affidavit was held sufficient.

I think, therefore, this affidavit is sufficient in this respect.

3. That certificate of counsel does not state that they advised the *affiant* to make the oath and file the plea.

The Act provides that the affidavit shall state that "he is advised by counsel *to file the said plea,* and such plea shall be accompanied by a certificate of counsel that he *so* advised the *party making such oath.*"

The certificate here says that counsel "advised the Mutual Life Insurance Company of Baltimore (*the defendant*) making the above oath and filing said pleas to do the same."

That the defendant *corporation* was advised to *make the oath* is immaterial, because the Act does not call for any certificate as to the oath. It requires only that the affidavit shall show that "he" was advised "to file the said plea," and that the certificate, corresponding to the affidavit, shall show that counsel "*so* advised" the affiant; that is, advised the filing of the plea. The Act does not require any advice in respect to taking the oath to be shown in the affidavit or certified by counsel.

But as to filing the plea, the counsel here certify that they advised the defendant and not the affiant. The provision that counsel shall certify that he advised the affiant to file the said plea is plain enough when the affidavit is made by the defendant. But what does the Act mean when the affidavit is made by an agent who is not the party advised by counsel and not the party who files the plea? In such case the counsel often could not make the certificate literally called for, because, in fact, he does not advise the agent to file the plea, but it is the defendant whom he advises, though the advice may sometimes be communicated through an agent or officer of a corporation. The draughtsman of the Act seems to have overlooked the fact that in some cases the oath would be made by an agent.

Under these circumstances it is necessary to look to the purpose of this provision. The purpose is that the good faith of the plea shall be certified to by counsel over his signature and under a sense of his professional responsibility. This purpose is as fully accomplished when the counsel certifies that he advised the defendant, the party who files the pleas to file them, as when he certifies that he so advised the affiant, who, when an agent, is not the party who files them. While a certificate that counsel advised the affiant is within the terms of the law and good, though the affidavit be made by an agent, there can be no reasonable objection, in such case, to a certificate that he advised the defendant to file the pleas.

The Court in Gemmell's case, 71 Md., 464, says that no construction should be given to this Act that would defeat or frustrate the beneficial objects contemplated, but at the same time the defendant is entitled to a full and fair opportunity to make all his defenses. In the construction given to this provision I can see nothing hurtful to the rights of the plaintiff, nothing that favors evasion of the law or that does not fully conform to its purpose.

In May vs Wolverton, the affidavit failed to conform to the letter of the law in that it said nothing about what was disputed, but it was a substantial compliance and was held good.

It has been argued that plaintiff's cause of action is not within Section 167, but it is not necessary to pass on that question.

The motion is overruled.