HARRY D. WILLIAR *vs.* GEORGE A. NAGLE et al.

*Action by Architect to Recover Compensation for Plans—Cost of Building in Excess of Estimate—Conflict Between Granted Instructions to the Jury—Prayer Failing to Submit Finding of Fact to the Jury.*

If an architect is employed to prepare plans and specifications for a building which is to cost not more than a certain sum,

he is not entitled to compensation unless the building can be constructed under his plans at a cost reasonably near that designated in the estimate.

Ordinarily, the question whether a building can be constructed under the architect's plans at a price which reasonably approximates the designated estimate should be submitted to the finding of a jury.

But when an architect is employed to make plans for a building whose cost is not to exceed $90,000, and the lowest bid received for its construction under his plans is for $125,000, the Court may rule, as matter of law, that his estimate did not reasonably approximate the cost of construction.

In an action by an architect to recover compensation for building plans prepared by him, the defendant alleged that there was either an express agreement between them that the plaintiff was to receive no compensation for his services unless the building could be erected according to his plans for a sum not to exceed $90,000, or that there was an implied agreement or condition to that effect. The lowest offer received by defendant for the erection of the building, under the plans furnished by plaintiff, was for $125,000. The trial Court granted a prayer offered by the plaintiff to the effect that he was entitled to recover unless the jury found that it was distinctly understood and agreed that he should not receive any compensation unless the building to be constructed under his plans, would cost less than a certain sum, and that the same could not be built for that sum. The trial Court also granted defendant's prayer instructing the jury that if they found that the plaintiff undertook to prepare plans for a building to cost not over $90,000, and that the plaintiff prepared plans for such building, and requested bids thereon, and that the lowest bid received was $125,000, then their verdict must be for the defendant. *Held,* that the defendant's prayer is not a mere modification of that of the plaintiff, but there is a direct conflict between the two; that under the plaintiff's prayer he was declared to be entitled to recover unless the jury found that there was an express agreement as to the cost of the building, while the evidence showed also an implied agreement to that effect, which would be equally a bar to plaintiff's recovery,

and this defense was presented by the defendant's prayer; and that since the jury may have been misled by this repugnancy between the prayers, the granting of them separately constituted reversible error.

In said action another prayer offered by the defendant instructed the jury that if they found that there was an understanding between plaintiff and defendant, that the services for which suit was brought, should not be paid for unless a building could be erected according to the plans prepared by the plaintiff for a sum not exceeding $90,000, then their verdict must be for the defendant. *Held,* that this prayer is erroneous because it does not submit to the jury the question whether the building could be erected for the sum mentioned. This error is not cured by the fact that the account filed by the plaintiff with his declaration, which was under the Baltimore City Practice Act, admitted that the lowest bid for the erection of the building was for $125,000.


*Decided December 4th, 1908.*


Appeal from the Superior Court of Baltimore City (EL-LIOTT, J.)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Armstrong Thomas* (with whom was *Roger W. Cull* on the brief), for the appellant.

*John E. Semmes, Jr.,* and *Wm. Fell Johnson, Jr.* (with whom was *John E. Semmes* on the brief), for the appellees.

BOYD, C. J., delivered the opinion of the Court.

The appellees, who are architects, sued the appellant on an account which reads as follows: "To architectural services rendered in preparing working drawings and specifications from January to March, 1906, for apartment house at the northeast corner of Charles and Read streets. Two and one-

half per cent. on lowest estimate—$125,000.00—$3,125.00."
They obtained a verdict for $2,075, and the questions arising
on this appeal are on the exceptions to the rulings of the lower
Court in granting the plaintiffs' first and in rejecting the
defendant's second prayer. The defendant contends that the
plaintiffs undertook to prepare plans for a building, the cost
of which would not exceed $90,000.00—one line of the de-
fense being that the work was undertaken by the plaintiffs
under an *implied* condition that they were to receive no com-
pensation for their sevices unless a building could be erected
according to the plans prepared by them, for a sum not to
exceed that amount, and another being that there was an
*express* agreement to that effect. The testimony offered by
the respective parties is conflicting—the plaintiffs denying
that there was such an understanding or agreement, either
express or implied, while the defendant offered some evidence
tending to sustain both of his defenses.

By the plaintiffs' first prayer, the jury was instructed that
"if they find that the plaintiffs are architects and the defend-
ant employed them to prepare plans and specifications for a
building to be erected on the lot on the corner of Charles and
Read streets, owned in part by the defendant; and they fur-
ther find that the plaintiffs did prepare such plans and speci-
fications, then the plaintiffs are entitled to recover, unless the
jury find that it was *distinctly understood and agreed by the
plaintiffs* that they should not be entitled to receive any com-
pensation for their services unless the building to be con-
structed under their plans would cost less than a certain sum
of money and that the same could not be built for the sum of
money so specified."

The qualification of the prayer—"unless the jury find that
it was distinctly understood and agreed by the plaintiffs,"
etc.—is what is complained of by the appellant, as he con-
tends that was not a proper statement of the law, and that
even if it be conceded that it did sufficiently instruct the jury
as to one of the defenses, it ignored the other, and hence
there was reversible error. There would seem to be no doubt

that the prayer is not sustained by the authorities, if we are confined to it alone. If an architect be employed to prepare plans for a house to cost not more than five thousand dollars, he cannot, under that employment, recover for a house which would cost ten thousand dollars. The latter might be of no use whatever to the employer, for he might not be financially able to erect a house at such cost, or, if he was, he might not be desirous of doing so. A dishonest architect could easily impose on his clients if such were the law. Indeed, we do not understand counsel for the appellees to contend in this Court that there must necessarily be a *distinct agreement* on the part of the architect not to charge for his services unless the building can be constructed at a cost reasonably near the estimate. It is said in their brief: "It is conceded that the general principle of law governing the transactions between the owner and architect with regard to the preparation of plans and specifications for a building is, that if the architect makes an estimate of the cost of the building he is not entitled to his fee, unless the building be constructed at a cost reasonably near that estimated or agreed upon." In their brief they quote from *Wait on Engineering and Architectural Jurisprudence,* Ch. 33, paragraph 860, that: "An architect employed to prepare plans and specifications of a building and furnish an estimate of the probable cost is not, upon submitting the same, entitled to his fees, unless the building can be erected at a cost reasonably approximating that stated in such estimate." They also quoted from 6 *Cyc.* 30, that "A person employed as an architect to furnish a plan is entitled to remuneration therefor, if made in accordance with the directions of the owner; but he cannot recover, where the owner stipulates that the plan should be for a building not to cost over a specified amount, if the plans made are for a building exceeding that sum."

The law as stated by the appellees does not materially differ from that contended for by the appellant, who also relies in part on 6 *Cyc.* 30, and some of the cases cited by the appellees. If the cost of erecting a building is "reasonably

near," or "reasonably approximates" (as some of the authorities express it), that stated in the estimate or understanding of the parties, the owner might very properly be held liable—certainly in many cases—for he knows, or as a man of ordinary intelligence may be presumed to know, that there may be some slight variance between the estimate and the actual cost of the building. *Feltham* v. *Sharp,* 99 Ga. 260; *Nelson* v. *Spooner,* 2 Foster & Finlason, 613; *Wait on Eng. and Arch Juris., supra.* Ordinarily, that question should be submitted to the jury, unless there be a written contract which has to be entirely construed by the Court and has no provision in it which should be submitted to the jury; but in a case like this, where it was contended that the building to be erected was not to exceed $90,000, while the lowest bid was $125,000, the Court could declare, as a matter of law, that the estimate did not reasonably approximate the cost, which the lower Court in effect did in granting the defendant's first and third prayers. In addition to the authorities above referred to, see 2 *Am. & Eng. Ency. of Law,* 818; *Maack* v. *Schneider,* 57 Mo. App. 431; *Wees* v. *Warren,* 72 Mo. App. 644; *Ada St. M. E. Church* v. *Garnsey,* 66 Ill. 132; *Paul* v. *Los Angeles Co.,* 74 Cal. 502; *Smith* v. *Dickey,* 74 Tex. 61; 1 *Hudson on Bldg.* 70, although some of them do not discuss the question fully.

While the Court below seems to have adopted the doctrine announced by the authorities, it must have either overlooked the effect of the language used in the plaintiffs' prayer, or concluded that the defendant's first and third prayers sufficiently modified it. It is contended by the appellees that the latter are not in conflict with their first, but constitute merely a modification or qualification of the law announced in it. But is that correct? It is true that this Court has decided in a number of cases that a defect in a prayer, which by itself might be objectionable, may be cured by others which are granted, but are those cases applicable to this? Compare for example the defendant's third prayer with the plaintiffs' first. It instructed the jury that if they found that "the

plaintiffs undertook to prepare plans and specifications for a building to be erected in Baltimore City to cost not over $90,-000.00 and that the plaintiffs prepared plans and specifications for such building and requested bids thereon, and that the lowest bid received was $125,000.00, then their verdict must be for the defendant." That is not a mere modification of the plaintiffs' prayer, but it is in direct conflict with it. In the one, it was said the pliantiffs could recover "*unless* the jury find that it was distinctly understood and agreed by the plaintiffs that they should not be entitled to receive any compensation for their services," etc., while in the other, the jury was instructed, in substance, that it was not necessary that there be such understanding and agreement, for that is the effect of both of the defendant's prayers which were granted. In other words, it was not necessary, in order to defeat recovery by the plaintiffs, for the jury to find an *express* agreement on the subject, but if they found that the plaintiffs were employed to prepare plans for a building not to cost over $90,000 and furnished them for a building which would cost at least $125,000, the plaintiffs could not recover, yet the qualification in the plaintiffs' prayer was confined entirely to the one defense.

When then the jury retired to their room with these conflicting instructions, what were they to do? If they would first read the plaintiffs' prayer, and then the defendant's prayers, it is not reasonable to suppose that they would conclude that the Court merely intended to submit the qualifications in the alternative—unless they found the *express* agreement referred to in the plaintiffs' prayer *or* the *implied* condition in those of the defendant. If it be said that was possible, or even probable, we cannot be certain that such was the case, if we assume the Court so intended. Prayers may be so drawn that although the one does not include the whole case, another does in such way as to avoid the danger of misleading the jury, but this prayer of the plaintiffs instructed the jury that if they found certain facts, which were not disputed, the plaintiffs were entitled to recover, *unless* they found *one*

other fact— although there was evidence of *two* facts, either of which was sufficient to prevent recovery, but the Court did not say so in that prayer. If the jury found against the defendant on the qualification in the plaintiffs' prayer then there was nothing to do under it but find a verdict for the plaintiffs. Then when they took up the defendant's prayers, or either of them, they would see, in the first place, that there were no words used to connect them with the plaintiffs' prayer—nothing to show that they were intended to submit another qualification of it—but if they found for the defendant as to the facts submitted to them in his prayers they might well have thought "it is true the Court has instructed us that if we find these facts our verdict must be for the defendant, but it said in the plaintiffs' prayer that the plaintiffs were entitled to recover, *unless* it was distinctly understood and agreed by the plaintiffs that they should not be entitled to recover any compensation for their services unless the building to be constructed under their plans would cost less than a certain sum of money,' and, therefore, as we do not find that it was so distinctly understood and agreed by the plaintiffs, we must find our verdict for the plaintiffs." So it seems to us that if we assume that the defendant's prayers were intended to be a further modification of the plaintiffs' first prayer, they were, in the manner submitted, calculated to mislead the jury, and were in fact contradictory—the plaintiffs' theory being, as shown by the prayer, that nothing short of an *express* understanding or agreement could bar a recovery, while those of the defendant presented the opposite theory, namely, that the contract could be *implied* from the facts stated in them. As was said of two conflicting prayers in *B. & O. R. R. Co.* v. *Blocher,* 27 Md. 286, "The theories of these prayers were, *prima facie,* directly opposed. The jury could not, without disregarding one or the other, come to any correct conclusion." The jury might have reasoned: "we cannot tell which prayer we must be governed by, and although we think the defendant's evidence sustains the facts set out in his prayers, yet, as we be-

lieve the plaintiffs did not distinctly agree that they should only be entitled to compensation for their services as set out in their prayer, we are authorized by that to find our verdict for the plaintiffs, and as they did actually render the services they ought to be paid for them." We cannot therefore treat the defendant's prayers as mere modifications or qualifications of that of the plaintiffs', and are of the opinion that there was reversible error in granting the latter.

The defendant's second prayer, which was rejected, was: "If the jury shall find from the evidence that there was an understanding or agreement between the plaintiffs and the defendant, that the services for which suit is brought should not be paid for unless a building could be erected according to the plans and specifications prepared by the plaintiffs for a sum not exceeding $90,000.00, then their verdict must be for the defendant." We find no reversible error in rejecting that prayer. In the first place that theory of the defendant was so submitted in the plaintiffs' first prayer that we do not see how he could have been injured, but in addition to that it did not submit to the jury the question whether the building could be erected for the sum stated. We understand the appellant to rely mainly on the fact that the account filed by the plaintiffs admitted that the lowest bid was $125,000, but this was originally a suit under the Practice Act of Baltimore City. When the defendant appears in such action, and complies with the requirements of the statute, the case is then placed on the Trial Docket and is governed by the ordinary rules of procedure in actions *ex contractu.* The plaintiff can claim any thing recoverable under his declaration, and the defendant can avail himself of any defense or evidence admissible under his pleas. The plaintiff is not confined to the cause of action originally filed with the declaration, and he and the defendant are not bound or prejudiced by the affidavits originally made under the Practice Act, "except in so far as the respective averments of these affidavits may strengthen or weaken the other testimony of the party making the affidavits," *Councilman* v. *Towson Bank,* 103 Md. 469, and cases

therein cited. The prayer ought to have submitted the question whether the cost of the erection of the building would exceed the sum named.

For error in granting the plaintiffs' first prayer, the judgment will be reversed.

> *Judgment reversed and new trial awarded, the appellees to pay the costs, above and below.*