# DAVID M. NEWBOLD, JR.,

## *vs.*

## ROBERT S. GREEN.

*Bill of particulars: office of—; when not demandable; accounts made part of declaration; accounts merely filed in the declaration not sufficient; extension of time to plead. Appeals: matters of law; no exception necessary*

An account filed with a declaration is not a part of it.[*]

p. 652

The office and effect of a bill of particulars is to inform the opposing party of the precise nature and extent of the claim which the plaintiff intends to rely upon on each and every count of the *narr.*, and to confine his evidence to the claim thus stated. p. 653

Where a declaration in one or more of its counts sets out the account upon which the plaintiff's claim is based, it is a sufficient statement of a cause of action, and a bill of particulars is not demandable. p. 652

Where the defendant is entitled to a bill of particulars and to such an extension of the time to plead as the Court may think equitable for his preparation of the proper pleas, the refusal by the Court to require a bill of particulars and to grant a reasonable extension of the time for pleading is reversible error, and one from which an appeal will lie. p. 654

The filing of pleas takes a case out of the operation of the Baltimore Practice Act (Chapter 184 of the Acts of 1886, as amended by Chapter 173 of the Acts of 1894). p. 652

[*]See, however, the Acts of 1914, Ch. 378.

While an appeal will not lie from interlocutory matters, an appeal will lie, under section 2 of Article 5 of the Code (1912), from all final judgments and determinations of a court of law.

p. 651

On appeals from final judgments the rulings of the Court upon matters of law may be reviewed without any special exception taken.                                pp. 651,652

*Decided February 18th, 1914.*

Appeal from the Superior Court of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Walter D. Eiseman* and *Joshua Horner, Jr.,* for the appellant.

*Louis B. Bernei* and *William J. O'Brien, Jr.,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This suit was brought by the appellee against the appellant under what is commonly known as the Baltimore City Rule Day Act (Ch. 184 of the Acts of 1886, as amended by Ch. 173 of the Acts of 1894). The *narr.* consisted of the common counts, and was supported by affidavit in the form required by the Act of Assembly. Attached to the *narr.* was an account, the cause of action in the case, and which reads as follows:

ACCOUNT.

C. & P. Phones 775-776.       Received,
                   Aug. 18, 1913.

ROBERT S. GREEN,
Cement—Lime—Brick—Sewer Pipe.

*Hair.*       853 Frederick Avenue.     *Building*
*Plaster.*                               *Supplies.*

BALTIMORE, Aug. 18, 1913.

Sold to David M. Newbold, Jr.
     Del. to Carswell St.

Terms:

1913—

| Date | | Description | Amount |
|---|---|---|---|
| Jun. | 30—50 | Bu. Lime, .23 | $11.50 |
| July | 1—60 | " " | 13.80 |
| July | 2—25 | " " | 5.75 |
| July | 2—60 | Ft. 8½x13 Fluing | 13.60 |
| July | 7—60 | Bu. Lime | 13.80 |
| July | 9—25 | " " | 5.75 |
| July | 12—10 | Bbls. Cemt., $1.75 | 17.50 |
| July | 12—10 | Bu. Lime, .23 | 2.30 |
| July | 29—2½ | Tons White Stan. Plas., $11.00 | 27.50 |
| July | 30— 2 | Tons White Stan. Plas. | 22.00 |
| July | 31— 2 | Tons White Stan. Plas. | 22.00 |
| Aug. | 1—2½ | Tons White Stan. Plas. | 27.50 |
| | | | ——— $183.00 |

CREDITS.

| July | 29—47 | Empty Bags Ret., .09 | 4.23 |
|---|---|---|---|

                                      $178.77

The defendant was summoned to the second Monday in November, 1913, the tenth day of the month, and under the provisions of the Act, in the absence of a proper plea, or plea supported as provided by the Act, the plaintiff would have been entitled to a judgment on the 26th of November. On

November 24th the defendant filed a demand for a bill of particulars, and at the same time presented an application to the Court for an extension of the time within which to plead. The demand for the bill of particulars was refused by the Court, as was also the application for an extension of time for pleading, the lower Court holding, "that the account filed with the declaration fully, completely and distinctly sets out the particulars of the plaintiff's claim under the declaration to which it is attached," and that. therefore, the demand was improperly made, and no sufficient cause shown under the praseology of the statute, why an extension of time for pleading should be granted. On the 26th November, the defendant having declined to plead, a judgment by default was entered, for lack of a plea, and extended for $182.21, damages, assessed by the Court. It is from this judgment that the present appeal has been taken.

At the oral argument it was suggested that the appeal could not be entertained, for two reasons: First, that an exception should have been reserved to the ruling of the Court, holding the account filed with the *narr.* to have been tantamount to a bill of particulars, and that no such exception having been reserved, no appeal would lie from that ruling; and in the second place, that the extension of time for pleading was a matter resting wholly in the discretion of the trial Court, and that no appeal will lie from the action of the Court, where the matter is one within the discretion of the trial Court.

Section 2 of Article 5 of the Code (1912) gives the right of appeal from any judgment or determination of a court of law, by which is meant a final judgment or determination; it does not lie from matters interlocutory in their character. *Griffee* v. *Mann,* 62 Md. 253. But on appeal from a final judgment rulings of the lower courts upon matters of law may be reviewed without any special exception taken; a frequent example of which arises in a case of the ruling of the trial court upon demurrer, and in such a case it has been held that no bill of exception or writ of error is

necessary to bring up for review the action of the trial court. *Kendrick* v. *Warren,* 110 Md. 76.

With regard to the second ground, namely, the discretion of the Court as to granting or refusing an extension of time to plead, the statute provides that upon such demand being made the Court may, for good cause shown, extend the time to plead. If the defendant was entitled to make a demand for a bill of particulars in this case, he was then entitled to such extension as in the discretion of the Court might be requisite for him to prepare proper pleas. That time might be longer or shorter, according to the character of the claim as disclosed in the bill of particulars filed in response to a demand therefor; taking up the case as presented in the record, the proper determination is very readily reached by adhering to well established rules of pleading, and can be briefly stated.

The account which is filed with the declaration forms no part of it (*Universal Life Ins. Co.* v. *Bachus,* 51 Md. 28), any more than does the affidavit which is filed when it is desired to bring a suit under the Rule Day Act. A suit brought on the common counts is very general in its terms, and does not apprise the defendant at all as to the real nature of the demand which the plaintiff is making, and therefore, it is provided by the Code, Art. 75, sec. 24, par. 107, that "Either party may require a bill of particulars where the pleading is so general as not to give sufficient notice to the opposite party of the evidence to be offered in support of it." In some of the cases which have been before this Court, the declaration itself in one or another of its counts sets out the account upon which the plaintiff's claim was based, and if there were no other counts but such an one in the case, the declaration had been held sufficient, and a bill of particulars not demandable. *Lyell* v. *Walbach,* 111 Md. 610. In those cases, however, the account was, by being incorporated in the *narr.,* made a part of the pleadings of the case, a condition which does not exist where the account is merely attached. The case is similar in this respect to the case of

*Councilman* v. *Towson Bank,* 103 Md. 469, in which case the suit purported to be brought on a promissory note, and a copy of the note, not the original, was attached to the declaration. The office and effect of a bill of particulars has nowhere been more tersely and clearly stated than in the case of *Cairnes* v. *Pelton,* 103 Md. 44, when this Court, speaking through JUDGE BURKE, said: "The office and legal effect of a bill of particulars is to inform the opposite party of the precise nature and extent of the claim which the plaintiff intends to rely upon under each and every count of the *narr.* and to confine his evidence to the claim thus stated." To the same effect, see *Parks* v. *Griffith & Boyd Co.,* 117 Md. 494, and *Lyell* v. *Walbach,* 111 Md. 610. The last case well illustrates the class of cases in which the plaintiff is relieved from filing a bill of particulars. The *narr.* contained but a single count, that for money found to be due on an account stated, and the claim was inserted in and constituted a part of the declaration itself, but on page 613 will be found an admirable statement of what a bill of particulars must contain and its legal effect.

The account which was filed with the *narr.* in this case was as full, complete and specific as the defendant was entitled to in response to his demand for a bill of particulars, if recovery was sought only for those items, and it would have been a suffiicent compliance with the demand to have adopted that account as the bill of particulars, or include it as a part of the declaration in the case; yet since that account was not a part of the pleading, the parties, if the defendant had filed pleas, would have been in a very different legal position, a position which is stated with exceptional clearness in the case of *Williar* v. *Nagle,* 109 Md. 75; which was a suit like the present one, brought under the Practice Act of Baltimore City. The Court there said: "When the defendant appears in such an action and complies with the requirements of the statute, the case is then placed on the trial docket, and is governed by the ordinary rules of procedure in action *ex contractu.* The plaintiff can

claim anything recoverable under his declaration, and the defendant can avail himself of any defense or evidence admissible under his plea. The plaintiff is not confined to the cause of action originally filed with the declaration, and he and the defendant are not bound or prejudiced by the affidavits originally made under the Practice Act, except in so far as the respective averments of these affidavits may strengthen or weaken the other testimony of the party making the affidavits." In other words, the filing of the pleas in conformity with the Act would take the case out of the operation of the Act.

An illustration of the application of this rule is presented in *Crook* v. *N. Y. Life Ins. Co.,* 112 Md. 284, where a suit had been brought upon a paid-up policy of insurance, and the question arose whether under the common counts and a cause of action of such a character interest would be allowed.

It can not be regarded as other than unfortunate that when an account, as complete as the one in this case, is attached to the *narr.,* it should not be a sufficient statement of a plaintiff's claim, and confine the plaintiff in his proof to the items so set out; but the remedy for this must be found in legislative modification of the present law, rather than in a judicial wrenching of clearly established principles.

It follows that the action of the trial Court in this case in refusing the demand for a bill of particulars, and of extension of time to plead thereto, was error, prejudicial to the defendant, and the judgment below must be reversed, and the case remanded that the pleadings may be properly made up and a new trial had.

> *Judgment reversed and new trial awarded, costs to be paid by the appellee.*