ELMORE POWER *v.* ALLIED ASPHALT PRODUCTS CORPORATION.

[No. 26, January Term, 1932.]

*Decided March 4th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Arthur C. Keefer,* for the appellant.

*Charles W. Clagett,* with whom was *Edward J. Edelen* on the brief, for the appellee.

Offutt, J., delivered the opinion of the Court.

This is an appeal from a judgment by default entered in the Circuit Court for Prince George's County in favor of the Allied Asphalt Products Corporation, the appellee, against Elmore Power, the appellant. The action was brought under the Speedy Judgment Act of that county, chapter 513, Acts 1916, p. 1059, on two construction contracts, and the alleged default was the failure of the defendant to file an affidavit of defense sufficient to meet the requirements of that act.

The declaration contained three counts. In the first, the plaintiff alleged that the parties entered into a written contract dated October 1st, 1929, under which the plaintiff, for the sum of $1,100, undertook to furnish the labor and material for the construction of a roof on a schoolhouse at Cross Roads in Charles County, Maryland, in accordance with certain specifications, that it completed the roof in accordance with the specifications, and that the defendant paid on account of the contract price $640, but refused to pay the balance, although demand therefor was made. In the second count, it alleged the execution of a similar contract under which, for $1,300, the plaintiff agreed to construct a roof on a school building at the same place in accordance with specifications referred to in the contract, that it completed the work in accordance with such specifications, but that the defendant refused to pay the contract price, although demand therefor was made. The third "count," so called, contains the six common counts in assumpsit.

To that declaration there was attached an affidavit made before a notary public, who certified that before the subscriber

"personally appeared Edw. T. Cleary, the president of the Allied Asphalt Products Corporation, a corporation, the plaintiff in the above entitled case, and made oath in due form of law that he is authorized to make this affidavit and has personal knowledge of the matters and facts herein contained; that he has read the aforegoing and annexed declaration and knows the contents thereof; that the facts therein set forth are true

and that he adopts the said declaration as a part of this affidavit.

"That true copies of the contracts sued upon in said declaration are hereto attached and that said original contracts were duly executed in writing by the plaintiff and the defendant, the plaintiff executing said contracts by its manager, E. R. Boyd, and the defendant signing the same in person. That the signature of the defendant, Elmore Power, attached to said original contracts is his true and genuine signature. That said copies of said contracts are hereto attached, marked 'Plaintiff's Particulars of Demand,' and are hereby adopted and made a part of this Affidavit.

"That the plaintiff furnished all labor and material required to complete said contracts and completed the same in accordance with the specifications set forth in said contracts and, upon the completion of said contracts, demanded from the defendant that he pay it the amount of money agreed to be paid it in said contracts. That notwithstanding said demand the defendant has paid to the plaintiff the sum of $640.00 only and that there is still due and owing the plaintiff on account of said contracts the sum of $1,760.00 with interest thereon at the rate of six per cent. per annum from the 15th day of February, 1930, until paid, besides costs, exclusive of all setoffs and just grounds of defense."

Filed with the declaration as the particulars of the plaintiff's demand were two contracts between it and Power for the construction of certain roofs on a schoolhouse at Cross Roads, Charles County, both dated October 1st, 1929. In the first, after identifying its subject-matter, plaintiff proposed "to furnish all labor and material required to complete the following work:

The complete application of a reinforced, Johns-Manville, Master Construction, built up roof to building indicated above in accordance with the revised specifications for the sum of $1,100.00 (superseding previously accepted proposal).

"Terms.

"Net cash payable upon completion and acceptance of roof."

In the second, it proposed "to furnish all labor and material required to complete the following work:

"The complete application of an Ambler, Laminated 16″ x 16″ Dark Gray, Asbestos Shingle Roof to building indicated above in accordance with revised specifications for the sum of $1,300.00 (superseding previously accepted proposal).

"Terms.

"Net cash payable upon completion and acceptance of roof."

On each contract Power subscribed the following formal acceptance: "The foregoing proposal is hereby accepted."

Upon being summoned, the defendant in due course appeared and pleaded the general issue to each count, and to the first count a special plea, in which he set up an oral agreement made prior to the written contract, under which the amounts specified in the written contract were only to become payable if an appropriation for such amount were made by the board of education of Charles County, and to the second count a similar special plea.

Attached to these pleas was an affidavit of defense in which, as amended, the affiant, after denying the indebtedness alleged in the declaration, and alleging that he had a "full and complete defense," stated that on June 4th, 1929, by two contracts of that date, appellee undertook and agreed to construct the roofs referred to in the contracts of October 1st, 1929, for $640, that, after furnishing a part of the required work and labor, it informed Power that it had made a mistake in calculating the area of the roofs, "due to the fact that a mistake had been made in noting the scale on the plans referred to in the contracts," and that it would not continue with the work under the contracts, "unless the defendant would enter into new agreements thereof, and plaintiff pre-

sented to the defendant new contracts which were identical with those entered into by plaintiff and defendant on the 4th day of June, 1929, with the exception that said contracts contained the following additional language, 'in accordance with revised specifications' and 'superseding previously accepted proposal' and the amount to be paid by defendant to plaintiff for said work; that the plaintiff then and there requested the defendant to sign said new contracts; that the defendant was then and there under contract to deliver to the Board of Education of Charles County, Maryland, the building on which said work was to be performed on or before the 15th day of December, 1929, and was compelled to have the work mentioned in the contracts entered into by the plaintiff and defendant under date of June 4th, 1929, completed without delay; that defendant informed the plaintiff of this fact and, further, that it was already legally bound to furnish the materials and perform the labor necessary for the completion of said work, as set forth in said contracts, and the defendant further informed the plaintiff that he would not under any circumstances, obligate himself to pay any additional amount for said work mentioned in said contracts; but in order to have the work continued, defendant agreed to and did execute the supplemental agreements dated October 1st, 1929, with the prior understanding and agreement, and as the sole inducement for the making of said contracts, that the same were to bind the defendant to the payment of the additional amounts, namely seventeen hundred and sixty ($1,760.00) dollars, only if the Board of Education of Charles County made an appropriation to cover the same"; that upon completion of the work he (Power) paid the appellee $640, but paid no more than that, because the Board of Education of Charles County has made no appropriation to cover the error. A motion to amend that affidavit was filed and overruled, and the court then upon the plaintiff's motion entered the judgment, from which this appeal was taken.

Upon that record the appellant contends that the appellee was not entitled to a judgment by default (1) because its

affidavit was not sufficient to bring the action within the terms of the Speedy Judgment Act of Prince George's County, and (2) because in his amended affidavit of defense the defendant alleged facts sufficient to bar the action. The appellee not only asserts the converse of those propositions, but further contends that the defendant, by failing to object to the plaintiff's affidavit of merit, and by pleading to its declaration, waived all errors in its affidavit.

Referring to the objection last stated, it may be said that the doctrine of waiver has no application to the facts of this case. The plaintiff's right to a judgment under the act must depend not entirely upon the defendant's acts, but upon his own as well. The court in such cases sits in the exercise of a special, limited, statutory jurisdiction, and, unless he does those things which the act prescribes as essential to jurisdiction under its terms, the plaintiff can claim none of its benefits. *Councilman v. Towson Bank,* 103 Md. 469, 64 A. 358; *McDonald v. King,* 125 Md. 589, 93 A. 979; *Mueller v. Michaels,* 101 Md. 188, 60 A. 485. If the defendant does those things which the act prescribes as necessary to a valid defense, such an action proceeds as an ordinary action at common law (*Councilman v. Towson Bank, supra; Roth v. Baltimore Trust Co.,* 159 Md. 580, 152 A. 227), but, until he does, the course of the proceeding is governed by the act, and the court has no power to enter a judgment under its provisions in favor of the plaintiff until he has done what the act says he must do to entitle him to a judgment. It is conceded that, if the defendant had made no defense at all, the plaintiff would not have been entitled to judgment, unless he had filed at the time he brought his action a complete and valid affidavit of merit, and the defendant can be put in no worse position by filing a defective affidavit of defense than if he had filed none. For in each case the ground for the judgment would be the same. Nor is there anything in the point that that particular objection was not made below. If the record itself discloses a want of jurisdiction in the court to enter the judgment, no exception is necessary, and an appeal from the judgment is sufficient to raise the ques-

tion of its validity in this court. *United States Express Co. v. Hurlock,* 120 Md. 112, 87 A. 834; *Close v. Southern Md. Agric. Assn.,* 134 Md. 633, 108 A. 209, and cases therein cited.

The appellant's objections to the appellee's affidavit to the merit of his claim are: (1) That it is ambiguous and indefinite; (2) that the affiant failed to "allege his agency"; (3) that it failed to show that the plaintiff was entitled to sue in Maryland; and (4) that it failed to allege that the defendant had accepted the work. These we will consider in their order.

The affidavit alleges the execution of the contracts, the performance of the work in accordance with their terms, the failure of the defendant to pay the entire contract price, and the precise amount which remained unpaid, which is apparently all that the act required. But, in addition to that, affiant specifically made the declaration and the two contracts a part of the affidavit, and appellant contends that the application of the affidavit to the third count of the *narr.,* which contains the six common counts, is ambiguous and obscure. It is undoubtedly true that the third count is bad for duplicity, and would have been held so on demurrer, for, while several causes of action may be joined in the same action and set forth in the same declaration, they cannot be joined in the same count. *Poe on Pleading,* sec. 737. But there was no demurrer to the count, and we are not therefore concerned with its sufficiency, which is conceded by defendant's pleas.

The Speedy Judgment Act of Prince George's County differs from those in force in other counties of the state and in Baltimore City, in that it does not refer to the filing of a declaration, nor does it require the plaintiff to exhibit to the court, at the time the suit is brought, the bond, bill, note, account, or other evidence of indebtedness constituting the cause of action, but only requires the plaintiff to file, at the time of "bringing his action," an affidavit setting out distinctly "his cause of action," and the sum he claims to be due, exclusive of all set-offs and just grounds of defense.

Under the older practice, a bond, bill, note, account, or other cause of action filed with the declaration, was not considered to be a pleading, and had no effect upon the issues in the case (*Newbold v. Green,* 122 Md. 648, 90 A. 513; *Williar v. Nagle,* 109 Md. 75, 71 A. 427), but that was changed by the Acts of 1914, c. 378 (Code, art. 75, sec. 28, subsec. 107), which provides "that in all jurisdictions where provision has been made or shall be made for the obtention of speedy judgments when the cause of action filed with the declaration shall set forth the plaintiff's claim with the particularity required for a bill of particulars, the said cause of action shall become and be taken and treated as one of the pleadings in the case, and the plaintiff shall be restricted in his evidence to proof of the items so set out." *Aitz Chaim Cong. v. Butterhoff,* 141 Md. 276, 118 A. 658. So that under that act the description of the plaintiff's cause of action in its affidavit became a part of each count in its declaration, and the fact that one of those counts was bad in law did not vitiate the statement of the cause of action contained in the affidavit, which was documented, clear, distinct, and precise. For, while the statement of the cause of action in the affidavit may have made that count obscure, the defective count could not possibly have affected the affidavit. And if the defendant objected to the count on that or any other ground, he should have demurred to it, but, having failed to do that, he cannot reach it now through an objection to the affidavit.

The second ground upon which the appellant objects to the appellee's affidavit of merit is that it does not "allege" affiant's agency as required by the act. The act itself does not in so many words require an agent of a defendant to make affidavit as to his agency, but only provides that the "plaintiff or his agent" shall file at the time of bringing his action an affidavit," etc. Assuming, without deciding, that the act intended that the affidavit should be made either by the plaintiff or by his agent, it does not necessarily follow that the affiant must expressly swear to his agency as a fact, for it would not be inconsistent with its terms to hold that it would be sufficient if the fact of agency appeared from the

mere certification of the notary, as the court held in construing Code, art. 9, sec. 7, which provides that in attachment cases the affidavit may be made by the creditor "or by the agent of the creditor." *Stockbridge v. Fahnestock*, 87 Md. 127, 39 A. 95. But in this case it is not necessary to decide that question, for not only does the notary certify that the affiant was president of the appellee corporation, but he made oath that he was "authorized" to make the affidavit. If he was appellee's president, then by virtue of his office he was also its agent. But, apart from that, his sworn statement that he was authorized to make the affidavit necessarily implied that he was the agent of the appellee. It was a corporation, and could only act through agents, and no one could be "authorized" to make an affidavit on its behalf in this case except as its agent.

Appellee's third objection to the affidavit of merit is that it does not affirmatively allege that the plaintiff was entitled to sue in Maryland. In the absence of any showing to the contrary, it will be presumed that the action was instituted in conformity with, and not in violation of, the laws and constitution of the state (*Fletcher, Cyclopedia, Corporations,* sec. 5997, and, unless it is apparent upon the face of the record, the fact that it was not authorized to institute the action is defensive. *Id.* note 35. The fact, therefore, that the affidavit contains no positive allegation of appellee's capacity to institute the action does not affect its validity. *Kendrick v. Warren Bros.,* 110 Md. 72, 72 A. 461.

His fourth and final objection is that the affiant does not allege that the work has been accepted. But, inasmuch as he did allege that it had been completed "in accordance with the specifications set forth in said contracts," no such allegation was needed. For, if he completed the work in accordance with the terms of the contracts, the defendant was bound to accept it, and, until the contrary affirmatively appears, it will be presumed that he did accept it. The contracts do indeed provide that the terms of payment shall be "net cash upon completion and acceptance of the roof," but we are unwilling to construe that language as meaning that

the builder should have the power to arbitrarily deprive the contractor of its compensation by refusing to accept the work when completed in strict compliance with the specifications embodied in the contract. On the contrary, their plain and natural meaning is that, if the contractor fully performed his contract, the builder was bound to accept the work, and that upon his refusal to do so the same right of action accrued to the contractor as he would have had if the builder had in fact accepted it. The nature of the contract and the relation of the parties forbid any other conclusion, for it is highly improbable that either the builder or the contractor understood or intended that the contractor's right to compensation should depend, not upon his performance of the contract, but upon the builder's willingness to accept the work. It may be inferred from the affidavit that the builder did in fact accept the work, for it is alleged that he paid $640 on account of it, but, whether that is so or not, the allegation that the work was completed in accordance with the specifications of the contract, coupled with the statement that the appellant refused to pay the contract price therefor, sufficiently states a cause of action under the terms of the contracts.

From what has been said it follows that the appellee's affidavit of merit sufficiently complied with the requirements of the statute, and that he was entitled to a judgment, unless the appellant filed in the case an affidavit setting out a defense sufficient to defeat the appellee's claim.

In his amended affidavit of defense, the appellant admits the execution of the contracts, the completion of the work in accordance with their terms, and his failure to pay the contract price, but undertakes to avoid the effect of those admissions by alleging the existence of prior oral agreements which flatly and directly contradict the terms and provisions of the written contracts. He raises no question of fraud, surprise, mistake, or other fact which might affect the existence of the contracts, but, conceding their existence and validity, attempts to destroy their effect by setting up prior oral agreements under which the positive promises made by the appel-

lant in the written contracts were transformed into conditional and contingent promises. There is no rule more firmly established in American jurisprudence, nor one which has been more uniformly followed by the courts of this state, than that which denies the right of one party to a contract to vary or contradict its terms by proof of prior oral negotiations or agreements. As stated by Judge Parke in *Crothers v. National Bank,* 158 Md. 595, 149 A. 270, 274: "The sound doctrine is that parol testimony is not admissible to change the clear and precise terms of an executed, delivered, and operative written contract which was designed to be the repository and evidence of the final intention of the parties. *Penrose v. Canton Nat. Bank,* 147 Md. 200, 127 A. 852; *Black v. First Nat. Bank,* 96 Md. 399, 414-418, 54 A. 88; *Southern etc. Advertising Co. v. Metropole Shoe Mfg. Co.,* 91 Md. 61, 67-69, 46 A. 513; *McSherry v. Brooks,* 46 Md. 103, 118; *Neal v. Wilson,* 213 Mass. 336, 100 N. E. 544; *Davis v. Randall,* 115 Mass. 547, 15 Am. Rep. 146; *Wright v. Morse,* 9 Gray (Mass.) 337; *Gerli v. Nat. Mill Supply Co.,* 78 N. J. Law, 1, 73 A. 252; *Grannis v. Stevens,* 216 N. Y. 583, 111 N. E. 263; *Id.,* 217 N. Y. 664, 112 N. E. 1060; *Alexander v. Chevalier,* 98 Vt. 230, 126 A. 498-500; *First Nat. Bank of Greencastle v. Baer,* 277 Pa. 184, 120 A. 815, 817; *Abrey v. Crux,* L. R. 5 C. P. 37; 2 *Williston on Contracts,* sec. 644, pp. 1247-1250. See collection of cases in annotation in 20 *A. L. R.* 490-498; *Badart v. Foulon,* 80 Md. 591, 31 A. 513; *Cassard v. McGlannan,* 88 Md. 173, 40 A. 711." Since the only defense proffered by appellant's affidavit is obnoxious to that rule, it necessarily follows that the affidavit was insufficient, and that the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*