King *vs.* Hicks.

---

## OSCAR KING *vs.* JOSEPH HICKS.

*Appeal—Practice under the Act of 1864, ch. 6— Entry of Judgment by Default.*

In an action under the Act of 1864, ch. 6, after sundry unexecuted writs of summons, the defendant was returned "summoned," but did not appear at the return day; no motion for judgment by default against him was made, and no order taken by the plaintiff on that day, or on any day previous to the next return day. After several return days had passed, on motion of the plaintiff in writing, a judgment *nisi* for want of appearance by the defendant was entered. At the succeeding Term, the judgment by default was extended, and during the same Term, the defendant appeared and moved that the judgment by default, and the extension thereof, be stricken out. The motion was overruled. On appeal, HELD :

King *vs.* Hicks.

1st. That an appeal lies from the order overruling the motion to strike out the judgment.

2d. That on failure of the defendant to appear on the day to which he was returned "summoned," the plaintiff was entitled, on motion in writing during the time intervening between that day and the next return day thereafter, to have a judgment by default entered against the defendant, but having failed to do so within that time, he could not claim the right afterward.

3d. That the plaintiff having, by his own *laches*, lost his right to claim a judgment by default, the cause must be disposed of by the Court below, as if the suit had been instituted independently of the Act of 1864, ch. 6.

4th. That the defendant having appeared, has the right to plead in the usual form without affidavit.

APPEAL from the Court of Common Pleas.

The cause was argued before STEWART, MAULSBY, GRASON, MILLER and ALVEY, J.

*R. Stockett Matthews,* for the appellant.

The judgment, termed "judgment *nisi,*" and entered April 13th, 1866, was irregular and void, and should have been stricken out, as not being in compliance with the Act of 1864, ch. 6. This Act being in derogation of the common law, is to be construed strictly, and there is no evidence in the record that a judgment was taken for default of an appearance by the defendant. *Act of* 1864, *ch. 6, sec. 5; Smith vs. Vanderhorst,* 1 *McCord,* 328.

Admitting that the judgment of April 13th, 1866, was regular and proper, the judgment extended thereon, and of the date of May 17th, 1866, was irregular, because damages were allowed, and there was no inquisition by a jury, nor assessment of damages by the Court *on proof. Act of* 1864, *ch. 6, sec. 9; Act of* 1864, *ch. 175, sec. 62; Mailhouse vs. Inloes,* 18 *Md.,* 328; *Sasscer vs. Walker,* 5 *G. & J.,* 110; *Smithson & Owens vs. U. S. Tel. Co.,* 29 *Md.,* 162.

The motion to strike out was made at the term at which the judgment was entered, and disclosed merits, and for these reasons alone, it should have been stricken out. *Rutherford vs. Pope,* 15 *Md.,* 579; *Kemp & Buckey vs. Ridgely,* 18 *Md.,* 130; *Green vs. Hamilton,* 16 *Md.,* 317.

*A. Leo Knott,* for the appellee.

The judgment of the Court of Common Pleas of Baltimore city, in overruling the motion to strike out, being within the discretion of the Court below, is final and conclusive, and cannot be reviewed by this Court, and the appeal must, therefore, be dismissed. *Boteler vs. State,* 7 *G. & J.,* 109; *Compton vs. Compton,* 2 *Gill,* 241; *Randall vs. Glenn,* 2 *Gill,* 430; *Mayor, &c., of Balto. vs. Reynolds,* 18 *Md.,* 270; *Hawkins vs. Jackson,* 6 *H. & J.,* 151; *Washington vs. Hodgskin,* 12 *G. & J.,* 355.

Granting that the appeal can be entertained by this Court, the record discloses no grounds for reversing the order of the Court below.

There was no irregularity in obtaining the judgment by default; and it was extended in the form and mode prescribed by law. *Act of* 1864, *ch.* 6; *Act of* 1864, *ch.* 175.

While in *Mailhouse vs. Inloes,* 18 *Md.,* 328, it was determined by this Court that a judgment under the Act of 1858, ch. 323, on open account, properly authenticated, could be obtained, it was held that the Court below had no power to allow interest which must be ascertained by a jury on a writ of enquiry. But this objection was subsequently removed by the Legislature. *Act of* 1864, *ch.* 175.

STEWART, J., delivered the opinion of the Court.

The action below, in the Court of Common Pleas for the city of Baltimore, was instituted on the 8th of July, 1865, by the appellee, for the recovery of an account alleged to be due by the appellant.

King *vs.* Hicks.

The plaintiff filed his account, with an affidavit thereon, and a *narr.*, containing the common counts. There were successive unexecuted writs against the defendant, but, under the writ issued the 3d of October, 1865, and returnable to the second Monday of October, 1865, one of the return days, the defendant was returned "summoned," but did not appear on that day, and no motion for judgment by default against him was made, and no order whatever taken by the plaintiff on that day, or on any day before the next return day. After sundry return days, and the entire September term of the Court, and nearly the whole of the succeeding January term had transpired, and but a few weeks before the May term, to wit: on the 13th day of April, 1866, the plaintiff made his motion, in writing, for judgment *nisi* against the defendant; and on that day, judgment by default, for want of appearance by the defendant, was entered.

On the 17th day of May, during the May term, the judgment was extended, and, during the same term, on the 9th of June, 1866, the defendant appeared, and moved, in writing, with sundry reasons, to strike out this judgment by default, and the extension thereof, and amongst his reasons, alleged, in his second reason, that the judgment entered against him was irregularly obtained and extended.

On the 12th of June, 1866, the defendant also filed his petition, with affidavits, undertaking to show merits, and praying to have the judgment set aside. At the January term, on the 23d of February, 1867, the Court overruled the defendant's motion, and from this ruling he has appealed.

This judgment of the Court below, if unreversed under this appeal, is, to all intents and purposes, final, and concludes the rights of the parties affected thereby. There can be no question of the right of the defendant, according to the law of the land, to take his appeal from such judgment.

It is equally clear, that during the term in which judgment is rendered, it is under the control of the Court, and may be stricken out for fraud or irregularity. *Code, Art. 75, sec.* 38.

To ensure speedy recovery of demands in the Court of Common Pleas of the city of Baltimore, the Act of 1864, ch. 6, provides summary proceedings, and besides the three stated terms of that Court, in January, May and September, for the return of process and trial of causes, prescribes other return days, at which the same proceedings may be had in the prosecution of writs, as if they were made returnable to the regular term of the Court, and gives to persons instituting suits in that Court, the option to have the writ made returnable to the return day or to the next succeeding term. According to this law, if the defendant, being summoned, fails to appear on the return day, judgment for default, on motion of the plaintiff in writing, may be entered against him, which shall be stricken out on his appearance being entered before the first return day thereafter, that is, by the next return day after the one to which the writ was made returnable; and if the defendant fails to appear within this prescribed time, the plaintiff may have his writ of enquiry or final judgment. It seems clear, from the tenor of this Act, that diligence and despatch were its leading intent and policy. For that purpose it prescribes the additional return days, and that when the defendant has been summoned to appear at any return day, he must appear within the time intervening between that day and the next return day. The plaintiff also must make his motion for judgment by default against the defendant, within the same period. The striking out of the judgment by default, as a matter of course, if the defendant does appear within the prescribed time, occurs within the same interval. If the defendant fails so to appear, the plaintiff, if he has made his motion for default in time, is then, and not before, entitled to his writ of enquiry or final judgment. *Mailhouse vs. Inloes, et al.,* 18 *Md.,* 328.

The terms of this law are more imperative than any rule of the Court, and it is manifest, from their purport, that where the defendant does not appear on the return day, and is thus liable to be defaulted, but the plaintiff makes no motion to

King *vs.* Hicks.

have the default entered during the interval between the first and the next return day, he, in effect, waived the benefit provided by the law for the entry of the judgment by default.

This law, prescribing modes of proceeding, unusual, must be strictly pursued, and neither by its letter nor spirit, does it authorize the plaintiff, to have judgment by default entered against the defendant, at any time subsequent to the day prescribed by the law.

The plaintiff, if such license were allowed, would, in fact, be permitted to have his judgment by default, and final judgment afterwards, without the allowance of any day to the defendant between the two judgments. The plaintiff, it seems, elected to have the summary process provided by this law, and the writ against the defendant was made returnable to one of the return days described in the writ, to wit: on the second Monday of October, 1865, and, in obedience to the writ, the sheriff summoned the defendant to appear on that day, and he failed to appear; but, notwithstanding this default of the defendant, the plaintiff quietly slept upon his rights, and made no motion to have judgment by default against the defendant until after that whole term had elapsed, and a large part of the ensuing term, to wit: on the 13th of April, 1866.

Parties electing and undertaking to make use of the summary provisions of that law, should be vigilant and strict in pursuing its policy and following the directions specifically prescribed thereby, otherwise they cannot claim its benefits. This law, neither by its letter nor spirit, gives the least countenance to such want of diligence, nor does it authorize the plaintiff to demand this judgment by default against the defendant, and neither the clerk nor the Court was empowered, under its provisions, to enter or order the judgment by default against the defendant, on the plaintiff's motion, made on the 13th day of April, 1866.

Undue and unfair advantage might be taken against an absenting and defaulting defendant, if the plaintiff were per-

mitted, under color of the law, to take his judgment by default at any time it might suit his purposes; but, although the defendant is in default, so is the plaintiff guilty of *laches,* and the defendant, under such circumstances, is entitled to be protected against any judgment being rendered against him without the sanction of law. The *onus* is on the plaintiff to show a legal foundation for his judgment by default in such cases.

If the plaintiff is vigilant to secure his judgment, although by default, if it is entered according to law, it stands as any other judgment, and will have all the legal intendments in its favor.

Assuming, in this case, that the demand of the plaintiff was within the provisions of this law—that the necessary affidavit was made on the part of the plaintiff; that he took the proper steps to institute his action; that the defendant was regularly summoned to appear on the return day, and failing to do so, that he was liable to be defaulted on the motion of the plaintiff; that the plaintiff was entitled to have judgment entered against him for such default, yet, if he failed to make his motion on that day, or before the next return day, for the judgment by default, he has neglected to avail himself of the privilege allowed to him, to have his judgment by default against the defendant, and it would be, not only to the prejudice of the defendant, but without any sanction from this law, and in disregard of its express provisions to permit the plaintiff to have such judgment entered, whenever it may suit his inclination or convenience.

The plaintiff having, by his own *laches,* lost the benefit of obtaining the summary judgment by default against the defendant, the cause must now be disposed of by the Court below, as if the suit had been instituted independently of the Act of 1864, ch. 6.

The defendant having appeared, has the right to plead in the usual form, without affidavit.

King *vs.* Hicks.

Finding the judgment below to have been improvidently entered, and the allegation in the second reason of the defendant sustained, there is no occasion to make further reference to the other reasons relied upon by the appellant.

*Judgment reversed and*
*new trial ordered.*

(Decided 30th May, 1870.)

MILLER, J., delivered the following dissenting opinion:

With great deference to the opinion of the majority of my brothers who heard this case, I am constrained to withhold my assent to the construction they have placed upon the Act of 1864, ch. 6, under which this action was instituted. The suit was against the partners of two separate firms, and I shall assume the cause of action and the affidavit thereto were in conformity to the sixth and eighth sections of that Act. The appellant, a partner of one of the firms, was summoned to appear on the second Monday of October, 1865, one of the return days for process established by the first section of the Act in question. He never appeared, and the regularity of the judgment by default, for want of an appearance, and its subsequent extension by the Court, depends upon the construction of the fifth section of that Act, which is in these words:

" If a defendant, regularly returned "summoned" to appear at a stated term, or a return day of the Court from which the original writ was issued, shall fail to appear on the day to which the writ was returnable, judgment for his default may, on motion of the plaintiff, made in writing and filed with the Clerk of the Court from which said original writ was issued, be entered by the said Court or by the said Clerk, against the said defendant, which said judgment shall be stricken out on his appearance being entered at any time before the first return day thereafter; and if the said defendant shall fail to appear within the time above limited, the party plaintiff may

sue out his writ of inquiry, or otherwise enter upon final judgment, according to the course of the Court."

In my opinion this is the only section of the law wherein any provision is made for a judgment, final or otherwise, in case of a continuing failure to appear on the part of the defendant. Neither the sixth nor the seventh sections have any application to such a case. By the sixth, it is provided that every suit where the cause of action is a contract, express or implied, shall stand for trial or judgment on the *first return day* after the defendant's *appearance*, whether that return day be the first day of a succeeding term, or one of the return days fixed by the first section, unless the time be extended by the Court, on cause shown. By the seventh, it is provided in the same way that if the cause of action be such as is mentioned in the preceding section, and the plaintiff makes the prescribed affidavit to his claim, he shall · be entitled to his judgment on the first return day after the defendant's appearance, whether that be the first day of a succeeding term or one of the prescribed return days, notwithstanding the defendant may have pleaded, unless his plea contains a good defence, and is supported by affidavit. Neither of these sections makes any reference to or contemplates the case of a failure to appear, and neither undertakes to declare that the plaintiff can, under any circumstances, obtain a final judgment on the return day of the writ, whether that return day be the first day of a term or not. It can hardly be imagined the Legislature intended to authorize a proceeding as summary as that; on the contrary, both these sections contemplate that something will be done by the defendant on the return day of the process. If he appears, the case goes over to the next return day and then stands for trial or judgment; if he appears and pleads, the same result follows unless his plea sets up a good defence and is verified by affidavit. This appears to me the only construction of which these sections are susceptible, and so construed, they provide a mode of obtaining judgments in the specified cases sufficiently speedy and summary. It

remains then to consider the case of a continuing default to appear, which is provided for by the fifth section and whether the judgment by default in this case was properly entered under that section. The plaintiff did not take the judgment by default until the 13th of April, 1866, after several return days succeeding that to which the defendant was summoned to appear. The record shows, however, it was *then* regularly entered and the defendant still failing to appear at any time *before the next return day thereafter*, which was the second Monday in May, 1866, the first day of the succeeding May Term, the Court on the 17th of that month ordered the judgment to be extended. This was a final judgment properly entered in this case upon the assumption already made as to the cause of action and affidavit, under the fifth section of this Act provided the previous judgment by default, was regularly and lawfully taken. The final judgment which the latter clause of this section authorizes, in a case such as this is assumed to be, is the extension of the judgment by default, by the Court under the 9th section of this Act or under the Act of 1864, ch. 175.

The fact that the plaintiff did not take his judgment by default at some period before the return day immediately succeeding that to which the defendant was summoned to appear, constitutes, in the opinion of the Court, an irregularity fatal to that judgment. I am unable to discover any thing in this section which commands the judgment thus to be entered, and forbids its entry at any other period, nor can I perceive any good reason for giving to it that construction. The language of the section is, that if the defendant fails to appear on the return day of the writ, judgment for his default *may*, on motion of the plaintiff in writing, be entered by the Court or clerk, but there is nothing which fixes the time when it *must* be entered ; it certainly does not say it shall be entered before the next return day and not afterwards. In my opinion the judgment by default was lawfully entered on the 13th of April, 1866. The delay which the plaintiff per-

King *vs.* Hicks.

mitted did not, nor can it in any case, operate to prevent the defendant from having a day for his appearance allowed him between the judgment by default and the final judgment. According to my construction of this section, the judgment by default, *whenever entered,* is, *ipso facto,* by force of the words of the law itself, stricken out by the entry of an appearance by the defendant *at any time* before the *next return day thereafter;* and if in this case the defendant had appeared at any time between the 13th of April, the date of the judgment by default, and the second Monday of May, the next return day thereafter, the Court would have had no authority to extend the judgment as it did on the 17th of May, for that appearance would have stricken down the judgment by default, which alone gave the authority to enter up the extended judgment. It was the defendant's duty to appear, and his default continued all the while up to the date of the extended judgment, which it is conceded the plaintiff could lawfully have obtained six months before. How, or in what possible way, could the defendant be prejudiced by the plaintiff's omission to have a judgment entered against him at an earlier date? Unless a party can be said to be in a worse condition when there is no judgment against him, than when there is one, I confess, with all deference, my inability to comprehend the reasoning which places the construction the Court has given to this law, on the ground of protecting defendants against judgments obtained in the summary mode this law authorizes. Can a defendant, thus in default, have any cause of complaint, that the plaintiff has not pursued him with all the despatch the law allows? When a plaintiff undertakes to pursue the summary proceedings allowed by this Act, the Court will protect the defendant by requiring its provisions to be complied with and not permit a judgment to stand if recovered in a mode which the law does not authorize, but unless there is some express prohibition in the Act against any delay, and I can certainly find none applicable to a case like this, the mere fact that the plaintiff did not proceed to

obtain his judgment at the earliest possible moment the law would permit, ought not, in my judgment, to deprive him of the benefit of his judgment subsequently obtained. A fair and just construction of the section which controls this case, in my opinion, permits a judgment by default for want of an appearance to be entered at any time after the return day of the writ, and permits that judgment to be extended at any time after the first return day succeeding the entry of the judgment by default if no appearance has then been entered by the defendant. I am therefore of opinion this judgment ought not to be stricken out for any of the reasons assigned in the opinion of the Court.

I am instructed by Judge GRASON to say that he concurs in this opinion.