(Decided 23d February, 1872.)

---

LEWIS JONES, SR., and LEWIS JONES, JR., *vs.* JOSEPH BARNETT and JOSEPH S. BARNETT, trading as BARNETT & SON.

*Construction of Act of 1864, ch. 6, sections 6, 7 and 8—Notice to Plead—Bill of particulars— Statute of Limitations—Time of obtaining judgment.*

The appending to a declaration under the Act of 1864, ch. 6, of a notice requiring the defendant to plead within fifteen days, does not take the case out of the operation of the statute.

Jones *vs.* Barnett.

A bill of particulars furnished upon the demand of the defendant, need not be verified by affidavit, the plaintiff having made affidavit of the true amount of the indebtedness of the defendant, and filed the same at the time of the institution of the action.

The plea of the Statute of Limitations comes both within the letter and the spirit of the 7th section of the Act of 1864, ch. 6.

Under the Act of 1864, ch. 6, in default of a plea verified by affidavit, the plaintiff may take his judgment either " on the first day of the term, or at the return day next succeeding the appearance of the defendant, whichever shall first occur," or at any time during the term.

A mere discrepancy between the amount stated in the affidavit of the plaintiff and the bill of particulars subsequently furnished, does not necessarily impeach the *bona fides* of the former.

APPEAL from the Superior Court of Baltimore City.

The facts of the case, so far as necessary, are given in the opinion of the Court.

The cause was submitted on notes to BARTOL, C. J., BOWIE, BRENT, ALVEY and ROBINSON, J.

*John A. Reed* and *John C. Fay*, for the appellants,

Cited *Thompson vs. Towson*, 1 *H. & McH.*, 504; *Hall vs. Sewell*, 9 *Gill*, 146; *DeSobry vs. DeLaistre*, 2 *H. & J.*, 192, 223; *King vs. Hicks*, 32 *Md.*, 465; *Benson vs. Davis*, 6 *H. & J.*, 273; *Lamott vs. McLaughlin*, 3 *H. & McH.*, 324.

*J. Southgate Lemmon*, for the appellees,

Relied on *King vs. Hicks*, 32 *Md.*, 464, 469; *Knickerbocker Life Co. vs. Hoeske*, 32 *Md.*, 324; *Horner vs. O'Laughlin*, 29 *Md.*, 472; *Jones vs. Freeman*, 29 *Md.*, 276, 277; *Greff vs. Fickey*, 30 *Md.*, 79; *State, use of Bouldin, vs. Steibel*, 31 *Md.*, 36; *Kemp vs. Cook*, 18 *Md.*, 138; *Hanson vs. Campbell*, 20 *Md.*, 233.

ROBINSON, J., delivered the opinion of the Court.

This is an appeal from an order of the Superior Court of Baltimore city, overruling a motion to strike out a judgment

entered in pursuance of sections 6, 7 and 8, of the Act of 1864, ch. 6.

The following reasons are assigned in support of the motion:

1. That the notice attached to the declaration, requiring the defendant to plead thereto, within fifteen days, took the case out of the operation of the statute.

A party has the election either to bring his suit in the ordinary way or under the provisions of the Act of 1864. If under the latter, and the cause of action be a contract, the plaintiff, on filing with his declaration an affidavit stating the true amount of indebtedness, together with the cause of action by which the same accrued, is entitled to a judgment on the *first day of the term,* or at the return day, next succeeding the appearance of the defendant, whichever shall first occur, unless the defendant shall file a plea, containing a good defence, and make oath that the said plea is true, and that he verily believes he will be able at the trial of the cause to produce sufficient evidence to support the same.

In this case, the suit was brought on an account, and the plaintiffs filed with the declaration the affidavit prescribed, together with the account by which the indebtedness accrued. The requirements of the Act were thus fully complied with on their part. The defendants filed their plea within the time prescribed, and both parties seem to have regarded the suit as having been brought under the Act of 1864.

It is not pretended the defendants were misled by the notice thus attached to the declaration, into the error, of supposing that the action was brought in the ordinary way, or that their rights were in any manner prejudiced thereby, and we are at a loss to imagine, upon what grounds such a notice can be held to take the case out of the operation of the Act.

2. That the bill of particulars ought to have been verified by affidavit.

The 8th section requires the plaintiff to make affidavit of the true amount of indebtedness, and to file at the same time

the cause of action, but a bill of particulars which is furnished subsequently upon the demand of the defendant, does not come within this requirement of the section. Having already made oath as to the true amount of indebtedness, there is no reason why the bill of particulars should be verified by affidavit.

3. That the plea of the *Statute of Limitations,* is not within the operation of the 7th section.

In regard to this point, I must confess I entertain some doubts, but the majority of the Court are of opinion that inasmuch as there is no exception made in favor of any plea, and in view of the fact that a defendant might even plead the Statute of Limitations falsely, it comes within both the letter and spirit of the Act.

4. It is contended that under the 7th section, the plaintiff must take his judgment either on the *first day of the term,* or on the return day next succeeding the appearance of the defendant, and cannot claim it afterwards. The purpose of this Act was to enable parties to obtain judgment, in all cases in which there was no valid defence, at the earliest practicable moment, and to effect this, the defendant is required to plead under oath within a certain time, and upon failure to do so, the plaintiff is entitled as of right to his judgment. Until default, the plaintiff is not entitled to judgment, but the Act does not restrict the right to claim judgment to the day of default. Upon a fair construction of this Act, we think, the plaintiff may take his judgment either on the *first day of the term,* or at the *return day next* succeeding the appearance of the defendant, whichever shall first occur, or *at any time during the term.*

It is hardly necessary to say, that in making affidavit in regard to the amount due, the plaintiff swears to the best of his knowledge and belief, and a mere discrepancy between the amount therein stated and the bill of particulars subsequently furnished, does not necessarily impeach the *bona fides* with which the affidavit was made.

In this case the defendants failed to file a plea verified by oath as required by the Act, and the plaintiffs were therefore entitled to their judgment. The rule laid upon them to reply to a plea, which the law did not recognize as a valid plea, could not deprive them, nor in any manner affect their right to judgment.

We think the Court was right in overruling the motion to strike out the judgment.

*Order affirmed.*

