JOHN C. ROTH *v.* BALTIMORE TRUST COMPANY.

[No. 10, October Term, 1930.]

*Decided November 14th, 1930.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edward Gernand Wright, Michael James Manley,* and *Charles F. Harley,* submitting on brief, for the appellant.

*G. Ridgely Sappington,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Baltimore City in favor of the plaintiff in an action in assumpsit brought by the Baltimore Trust Company, a corporation, against John C. Roth and others. It was brought under the Speedy Judgment Act of Baltimore City. Balto. Charter & P. L. L., sec. 312, *et seq.* The judgment was entered by default for want of "sufficient pleas and affidavit," and extended by the court for $45,622.85. The declaration contained one count, which stated in effect that the defendants had by their agreement under seal guaranteed to the plaintiff the punctual payment to it at maturity by the Provident Building Association of Baltimore City of discounts, loans or advances made or to be made to that association by the plaintiff during the life of the agreement, not to exceed $45,000; that the building association was indebted to the plaintiff in the sum of $43,961.18 with certain arrearages of interest for discounted loans and advances to it by the plaintiff under and upon the faith of the agreement which were not paid at maturity, and that the defendants, although requested so to do, had not only failed to pay said sum to the plaintiff, but had refused to pay the same. To that declaration John C. Roth, one of the defendants, pleaded *nunquam indebitatus* and *non assumpsit,* and filed with said pleas an affidavit of defense and certificate of counsel in strict and literal compliance with the requirements of the Baltimore City Speed Judgment Act, and at the same time filed a written election for a jury trial. Thereupon the plaintiff demanded of the defendant the particulars of his defense, to which demand the defendant Roth excepted. The exception was overruled, and Roth then filed a bill of particulars, in which he alleged that, simultaneously with the execution of the agreement to which we have referred, the building association had assigned to the plaintiff mortgages aggregating in value $99,105 as collateral security, but that, the building association having passed into the hands of a receiver, the plaintiff had without his consent delivered them to the receivers of the building association, and thereby effected such

a change in the guaranty agreement as to discharge the obligation of the guarantor Roth. The plaintiff thereupon moved for a judgment by default against Roth, and upon that motion a judgment was entered and the damages assessed by the court.

The important question raised by the appeal is whether, in an action under the Speedy Judgment Act of Baltimore City, where the defendant has, in literal and strict compliance with the terms of such act, filed general issue pleas appropriate to the form of action, an affidavit of defense, and a certificate of counsel, the plaintiff is entitled, under the act, to a judgment by default upon the failure of the defendant, in response to the plaintiff's demand, to file a bill of particulars alleging facts sufficient to constitute a defense to the action.

The act, Balto. Charter & P. L. L., secs. 312, 313, itself prescribes precisely and affirmatively what the plaintiff must do in an action brought under it before he can claim any benefit from its provisions, and also what steps the defendant must take to prevent the entry of a judgment by default against him in such an action. The jurisdiction of the court in such cases is special and statutory, and neither plaintiff nor defendant can have any rights in respect to the remedies and procedure established by the act, except such as it itself creates and confers. *Fick v. Towers,* 152 Md. 339; *Mueller v. Michaels,* 101 Md. 191; *Councilman v. Towson National Bank,* 103 Md. 474, *et seq.; Laubheimer v. Naill,* 88 Md. 176; *Thillman v. Shadrick,* 69 Md. 530, *et seq.; DeAlley v. Senior,* 55 Md. 481. And when both plaintiff and defendant have complied with those provisions of the act applicable to their respective contentions, the case is no longer governed by the act, but proceeds as an ordinary action at law before the court sitting in the exercise of its general common law jurisdiction. *Councilman v. Towson National Bank, supra; Laubheimer v. Naill, supra; Newbold v. Green,* 122 Md. 652; *Williar v. Nagle,* 109 Md. 83. In *Adler v. Crook,* 68 Md. 494, it was held that a general issue plea to an action on the common counts is a denial of the whole cause of action,

and that conclusion was cited with approval in *Codd Co. v. Parker,* 97 Md. 324. In *Adler v. Crook, supra,* the expression that "The object of the act was, in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and defense (if any), so that the parties might know exactly wherein they differed and shape their action accordingly," tends to support the appellee's contention. But when the whole opinion is examined, it is found to have no such effect, for earlier in the opinion it is said: "The object of these acts is the speedy collection of debts in the City of Baltimore, and we see no difficulty in applying them in practice. They do not change or affect the rules of pleading. Whatever defense the defendant has to the action, that he must plead. All that this act requires is that in addition to the plea he must state specifically to what part of the plaintiff's claim his plea applies. If to the whole he must so state, and if to part he must state what part. The affidavit only narrows the scope of the plea to the precise point in issue." In *Codd Co. v. Parker, supra,* the defendant filed the general issue and a special plea. The affidavit alleged that the pleas were true, and disputed the whole claim, but it failed to state whether anything less than the whole claim was due and owing, and also failed to state that the defendant at the trial would be able to produce evidence to sustain such part as was disputed. The court, however, construed *Adler v. Crook* as establishing the rule that, in cases where the general issue is pleaded, and where the affidavit distinctly disputes the whole claim and alleges that the pleas are true, it is a sufficient compliance with the act, and that in such cases it is unnecessary to further aver that no part of the claim is due, because such a denial of the whole claim is necessarily a denial of every part of it. And this language in *Adler v. Crook* tends to support that view:

"In the case before us the plaintiffs swore that the defendant was indebted to them for $229.95, upon a promissory note filed with the declaration. To this the defendant pleaded that he was not indebted as alleged, and swore that the plea

was true. Now, as a matter of fact, the defendant may not have owed the whole sum which the plaintiffs alleged he did, but may have owed a part only, and therefore felt that he could conscientiously make the affidavit. But his omission to state in the affidavit whether his plea embraced the whole or only a part of the claim renders it fatally defective.

"It has been earnestly and plausibly argued that the general issue plea, pleaded and sworn to in this case, is a denial of the whole claim of the plaintiffs, and is therefore a substantial compliance with the act. It is very true that the plea is a denial of the whole cause of action; but it is equally true that it is also a denial of part of it, and that under that plea the defendant might dispute either the whole or any part of the debt. It would be equally competent for him, under such plea, to prove that before suit he had paid half the claim, or to show that in fact he never owed the whole, or any of it. This it seems to us was the special object of the statute to prevent."

The act in terms provides that the plaintiff, having complied with its terms, shall be entitled to judgment on motion in writing at any time after fifteen days from the return day to which the defendant has been summoned, "although the defendant may have pleaded, unless such plea contains a good defense and unless the defendant or some one in his behalf shall, under oath or affirmation, state every plea so pleaded by the defendant is true; and shall further state the amount of plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed, and further, that the affiant verily believes the defendant will be able at the trial of the cause to produce sufficient evidence to support the plea as to the portion disputed, and that he is advised by counsel to file the said plea; and such plea shall be accompanied by a certificate of counsel that he so advised the party making such oath or affirmation." So that, in such a case, to entitle the defendant to present his defence as in an ordinary action at law, he must (1) file pleas setting up a good defence, (2) swear or affirm that every such plea is true and that he believes that at the trial he will be able to produce evidence

sufficient to support them, (3) state under oath or affirmation what part of the claim is disputed and what, if any, part thereof is admitted to be due and owning, (4) state under oath or affirmation that he is advised by counsel to file such pleas, and the pleas must be accompanied by a certificate of counsel that he so advised the person making such oath or affirmation. If the general issue pleas of *nunquam indebitatus* and *non assumpsit* can be accepted as setting up a good defense, then the defendant in this case literally and strictly complied with every requirement thus prescribed by the statute as a condition precedent to his right to defend the case as in an ordinary action at law. That they did set up a good defence under the practice and procedure recognized in this state cannot be questioned. In *Poe on Pleading,* secs. 605, 606, referring to the general issue plea, the author says: "This is a brief, fixed and appropriate form of plea in most of the usual actions for traversing the declaration, where the defendant denies the whole of its allegations, or the principal fact or facts which it contains." And after giving the old form of the general issue plea in assumpsit, he states that: "Now, however, the formal commencement and conclusion are omitted, and the form of the plea is as follows, viz: 'The defendant, by S. T., his attorney, for plea says, that he never promised as alleged,' or 'that he never was indebted as alleged.' " The Code, art. 75, sec. 28, states that "Either party may use the common law forms or the forms hereinbefore given, at his election; and either party may require a bill of particulars where the pleading is so general as not to give sufficient notice to the opposite party of the evidence to be offered in support of it." And in section 28, subsection 41, under the caption "Pleas in Actions on Simple Contract" it gives these forms, "That he never was indebted as alleged, or that he never promised as alleged." In *Fisher v. Diehl,* 94 Md. 113, the question arose as to whether those forms were proper in an action in assumpsit, and in deciding that question it was said: "The Act of 1856, ch. 112, which was passed to simplify the rules and forms of pleadings and practice in actions at law, contained, among other things, forms

of declarations and pleas to be used in actions on contract. The plea 'that he never was indebted as alleged' appears at the head of the list of pleas and it is followed by the words '(this plea is applicable to declarations numbered 1 to 12)'. By reference to the forms of declaration on contracts appearing in the act, numbers 1 to 12 are found to be the common counts in assumpsit. In section 23 of article 75 of the Code, 'that he was never indebted as alleged or that he never promised as alleged' stands first among the forms of pleas declared to be sufficient in actions on simple contract, thus indicating a purpose to treat the two forms of denial as equally appropriate for use in actions on simple contracts which in the great majority of cases are like the present one in assumpsit."

It follows that the general issue pleas filed in this case were good pleas and did set up a good defense, and that, since the defendant filed proper pleas, a sufficient affidavit, accompanied by a certificate of counsel that the affidavit was made and the pleas filed upon his advice, he complied with every requirement of the statute and the case should thenceforth have proceeded as an ordinary action at law. But after such pleas, affidavit, and certificate had been filed, the plaintiff demanded the particulars of the defendant's defense, to which demand the defendant excepted. The exception was overruled, and thereupon the defendant filed a bill of particulars. The plaintiff then, apparently upon the theory that the case was still controlled by the statute, and that the effect of the bill of particulars was to vitiate the pleas, moved for a judgment by default for want of proper pleas and affidavit. The court granted that motion and a judgment was accordingly entered, and, notwithstanding the prayer for a jury trial, extended by the court for $45,622.85. In that action there was error. After the defendant had filed his pleas and affidavit and the certificate of counsel, the statute no longer applied, and the demand for the particulars of the defendant's defense should have been treated as if made in an ordinary action at law. In such a case, if the plaintiff desired to question the sufficiency of the bill of particulars, he should have excepted to it (*Poe on Practice*, sec. 119), or, if he desired to challenge

the sufficiency of the pleas as affected by the facts alleged in the bill of particulars, he should have demurred to them. *Noel Construction Co. v: Armored Construction Co.,* 120 Md. 237; *Nelson v. Close,* 147 Md. 216. But failing either to except or demur, he could not question the sufficiency of the bill of particulars, or the propriety of the pleas, by a motion for judgment by default, for the defendant was guilty of no default. He had filed the bill plaintiff demanded, and even if the facts alleged in it failed to constitute a valid defence, paintiff was no more entitled to judgment by default for that reason than he would have been in an action at common law in which the pleas filed were demurrable, unless he had in fact demurred to them. The court therefore had no power to enter the judgment from which this appeal was taken, and it must be reversed.

In view of that conclusion, the question as to whether in such a case as this the plaintiff is entitled to demand of a defendant, who has filed general issue pleas only, the particulars of his defence, does not arise and cannot be considered.

> *Judgment reversed and cause remanded for a new trial, the costs above and below to abide the final result of the case.*