## MURRAY MacNABB *v.* FREDERICK HAAS
[No. 7, January Term, 1935.]

*Decided February 7th, 1935.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Murray MacNabb*, with whom was *Hartwell M. King* on the brief, for the appellant.

*Thomas M. Jacobs* and *Redmond C. Stewart, Jr.*, submitting on brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The appellant, Murray MacNabb, was the defendant in a suit brought against him by the appellee, Frederick Haas, plaintiff in the People's Court of Baltimore City, in which the plaintiff obtained a judgment for twelve dollars. On appeal to the Baltimore City Court the judgment was reduced to ten dollars. Before proceeding to trial in the City Court, the defendant filed a motion to quash and strike out the judgment of the People's Court on the ground that under section 626 of article 4 of the Local Code (same section of the Baltimore City Charter), "No Justice of the Peace, in any case of debt or damages whatever, shall issue a summons except on application for the same, in writing, by the plaintiff or his attorney, accompanied with the bond, bill of exchange, promissory note or other writing or account, or by a copy of such bond, bill of exchange, promissory note, or other writing or account, by which the defendant is so indebted; or if the action be brought upon a verbal or implied contract, or for damages arising in any manner whatsoever, a statement of the particulars of the plaintiff's claim thereunder shall accompany the said written application." From the order overruling the motion to quash, and from the judgment of the City Court, this appeal is taken.

The application for summons and particulars are as follows:

"In the People's Court of Baltimore City.
Frederick Haas, 3902 Greenway, vs. Murray MacNabb, 216 St. Paul.
Baltimore, Md., 22 day of Nov., 1933.
To the Presiding Justice of the People's Court:

Please docket the above-entitled cause; issue summons for the defendant in an action of debt as per the attached cause of action.

And the plaintiff claims the sum of $12.50.

Frederick Haas, For Plaintiff."

"Account, the Cause of Action.
Mr. Murray MacNabb, 216 St. Paul Street, Baltimore, Md.
Amount of damage to Packard car, $12.50
Frederick Haas, 3902 Greenway, Baltimore, Md."

The defendant's contention is that the statement of the account or cause of action is not such "a statement of the particulars of the plaintiff's claim" as section 626 of the city charter contemplates, and the justice, therefore, had no jurisdiction to try the case.

It cannot be disputed that the "Account, the Cause of Action," was a statement of some kind of a claim of the plaintiff against the defendant. It is true there is little of detail or description to it, but it was a notice to the defendant that the plaintiff was claiming from the defendant money for damage done to the plaintiff's Packard car, and the amount claimed to have been done. If it had stated when and where the damage was done, and perhaps have described the part or parts of the car injured or damaged, there would have been little for the plaintiff to criticize. While there is no special pleading in suits before justices of the peace (Code, art. 52, sec. 32), it is not to be inferred that litigants cannot enter objections to the sufficiency of papers which are required by law to be filed before such justices. Furthermore, provision is made for an appeal to the circuit courts of the counties and the City Court of Baltimore, and on such appeals cases shall be heard *de novo*. Code, art. 5, sec. 92.

In this case there was a statement of particulars, which may have been, and was, so meager in its statement of details as to invite criticism, but it was, what it purported to be, a statement of particulars of a claim for damages to personal property of the plaintiff against the defendant, and it did furnish the foundation upon which a writ

of summons could and should be issued by the justice, and was sufficient to give him jurisdiction. If it is objectionable, it does not justify an attack on the jurisdiction; the attack should not be on the jurisdiction of the justice, but on the legal sufficiency of the paper itself. Compare *Roth v. Baltimore Trust Co.,* 159 Md. 580, 587, 588, 152 A. 227.

In the case of *Weed v. Lewis,* 80 Md. 126, 30 A. 610, an appeal was prayed from an order of the Circuit Court for Prince George's County refusing a writ of certiorari to test the jurisdiction of a justice of the peace. In that case Judge McSherry, on the authority of *Gaither v. Watkins,* 66 Md. 576, 8 A. 464, said "If having jurisdiction of the subject-matter, he [the justice] subsequently proceeded irregularly or erroneously, this in no manner affected his jurisdiction, and the appropriate and only remedy was by an appeal from his judgment to the circuit court, for which appeal the law makes ample provision." See Code, art. 5, sec. 92; *Josselson v. Sonneborn,* 110 Md. 546, 73 A. 650.

The City Court is the appellate court in this case, wherein we hold that it, as well as the justice, had jurisdiction, and its decision is final *(West v. Musgrave,* 154 Md. 40, 139 A. 551), and the appeal must be dismissed.

*Appeal dismissed, with costs to the appellee.*