## GEORGE LEIPER CAREY, JR. *v.* CHARLES McHENRY HOWARD, EXECUTOR

[No. 14, October Term, 1940.]

*Decided November 13th, 1940.*

514

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*R. Samuel Jett*, for the appellant.

*John M. Butler*, with whom were *Venable, Baetjer & Howard* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order overruling a motion of the appellant to strike out a judgment in favor of the appellee, entered under the provisions of the Act of 1886, ch. 184, Baltimore City Charter (1938) sec. 404, Pub. Loc. Laws, art. 4, sec. 312.

By the direction of Mrs. Harriet B. Jones given June 15th, 1926, the Safe Deposit and Trust Company of Baltimore loaned her nephew, the appellant, $5000, and took his demand note therefor, dated July 1st, 1926, with interest payable quarterly, at five per cent, the interest being paid on the same to January 1st, 1928. Prior to the date of the loan, on May 31st, 1925, Harriet B. Jones had made a will whereby she left the residue, after certain life estates, "to and among such of my nephews and nieces as may be then surviving," if any of them should die without issue, then to their children, if any of them should leave issue surviving. Later, when the loan was made, the testatrix executed a codicil by which she directed the amount of the loan unpaid at her death to be credited on any legacy she might leave the appellant, and "such legacy reduced accordingly." March 17th, 1928, suit was brought on the note, under the Speedy Judgment Act, Act of 1886, ch. 184, Balto. City Charter, sec. 404, Pub. Loc. Laws, art. 4, sec. 312. There were two returns of *non est,* with two renewals,

and on January 15th, 1929, there was a return of "Summoned, copy left." Nothing further was done until January 19th, 1940, when a motion was made for a judgment by default for want of plea and affidavit of defense, and the same day, on satisfactory proof of the correctness and amount of the claim, judgment was entered in favor of the appellee for $7887.50.

On February 3rd, 1940, the appellant moved to strike out the judgment, assigning as reasons therefor:

1. Because the appellee delayed his motion for judgment eleven years after the defendant had been served with notice of the suit.

2. Because the affidavit was not in accordance with the Speedy Judgment Act.

3. Because docket entries were not made as directed by section 307 of the City Charter, (1927 Ed.), Pub. Loc. Laws, art. 4, sec. 307.

4. Failure to comply with Rules 1, 2 and 5 of the Baltimore City Courts.

5. Because the defendant has a good meritorious defense, "and that prior to the institution of the suit herein, the defendant's indebtedness to the estate of the said Harriet B. Jones had been either extinguished or materially reduced by the codicil to the will of the said Harriet B. Jones."

The appellee answered, denying each of the allegations and contentions of the appellant. A hearing was had and the motion overruled. Hence this appeal.

The present Speedy Judgment Act in Baltimore City is the Act of 1886, ch. 184, Pub. Loc. Laws, art. 4, sec. 312. In form the declaration, affidavit and notice conform to the act, and, as required, the note sued on was annexed. This section provides that the plaintiff, unless there is a plea containing a "good defense," "shall be entitled to judgment to be entered by the Court or the clerk thereof, on motion, in writing, at any time after fifteen days from the return day to which the defendant shall have been summoned." There is no limit of time when a judgment may be extended after return day, except that it cannot be done within fifteen days. The

act which the Act of 1886, ch. 184, amended (Act of 1864, ch. 6, sec. 7), did limit the time within which a plaintiff might have a speedy judgment, and a plaintiff, failing to have judgment entered by the return day next succeeding the original return day, forfeited his right to have judgment entered. *King v. Hicks,* 32 Md. 460; *Jones v. Barnett,* 35 Md. 258. It evidently was because of this construction of the act in the two cases just cited that the Act of 1886, ch. 184, was passed. There being no limitation as to time, after fifteen days, from the return day, when a judgment by default may be entered, we cannot say that the plaintiff has not literally complied with the statute, even though eleven years have elapsed since suit was begun. *Mueller v. Michaels,* 101 Md. 188, 191, 60 A. 485; *McDonald v. King,* 125 Md. 589, 93 A. 979; *Power v. Allied Asphalt Products Corp.,* 162 Md. 175, 159 A. 251. Of course the court ordering the entry of the judgment, no matter whether it be promptly done or delayed, must have satisfactory evidence of the claim sued on and the amount then due and owing. In this case the court did certify that the judgment was extended "upon legal and satisfactory proof."

The appellant has not shown that he has suffered any injury or damage by reason of the delay in the entry of judgment. The fact is that he benefitted, for interest on the note was running at five per cent, whereas a judgment would have drawn six per cent.

The appellant's second reason for striking out the judgment is that section 405 of the City Charter (1938 Ed.) 405 Pub. Loc. Laws, art. 4, sec. 313, provides that "if all the plaintiffs be absent from the State at the time of the bringing said suit, or if the plaintiff be a corporation, the said affidavit or affirmation may be made by an agent of plaintiff or plaintiffs, or any of them, who will make further oath or affirmation that he has personal knowledge of the matters therein stated." An executor is not an agent; he is the plaintiff, and as plaintiff he made the affidavit in the form prescribed by the statute. In this record, however, there is ample evidence that the plaintiff did have personal knowledge of the entire trans-

action.  *May v. Wolvington*, 69 Md. 117, 124, 14 A. 706.

The third and fourth of the reasons assigned by the appellant for his motion may be considered together. He alleges non-compliance with section 399 of the City Charter (1938), and Rules 1, 2 and 5 of the Supreme Bench of Baltimore. They apply only to ordinary suits at law, and not to suits brought under the Speedy Judgment Act, which provides its own procedure, complete in itself, the observance of which entitles a plaintiff to judgment unless the defendant resists in the manner provided by the Act. *Fick v. Towers*, 152 Md. 335, 136 A. 648; *Roth v. Baltimore Trust Company*, 159 Md. 580, 152 A. 227.

The fifth reason assigned by the appellant is, we think, without merit. The codicil to Mrs. Jones' will charged the loan made to her nephew, the appellant, against any legacy he may have received under her will. Under the terms of the will, his receipt of it would depend on his survival of all the life tenants. But in any event the loan, plus interest, was a debt owing from him to his aunt's estate. The appellant now complains that credit was not given against his legacy. If that had been ascertained when the judgment was entered, he would have been entitled to credit for the legacy to the extent of his debt, and judgment for the balance, if any. The estate is now in course of settlement, but there is nothing in the record to show the amount of his legacy, and until it is ascertained he is not entitled to balance the legacy against the debt. When settlement is made it will be the duty of the executor to retain from the legacy so much as may be necessary to satisfy the judgment, and, if it be insufficient, to charge the whole legacy against the judgment. *Miller, Construction of Wills*, 394, 69 C. J., 963.

For the reasons here given, the order appealed from will be affirmed.

*Order affirmed, with costs.*

PARKE and JOHNSON, JJ., dissent.