# GEORGE L. DEVED *vs.* EDWARD C. CARRING-TON, JR.

*Practice Act of Baltimore City—The Sufficiency of Affidavit to Pleas Made by One of Several Defendants.*

The Practice Act of Baltimore City (Act of 1898, ch. 123, sec. 12), provides that the plaintiff in certain actions *ex contractu,* if he complies with the prescribed conditions, shall be entitled to a judgment within fifteen days after the return day unless the defendant pleads a good defense, and unless the defendant, or some one in his behalf, shall under oath state that every plea so pleaded is true and shall further state the amount of plaintiff's claim if anything admitted to be true. The action in this case was brought under this Act against the maker and two endorsers of promissory notes. Only one defendant was returned summoned but an attorney entered his appearance for all of them and filed joint pleas together with the affidavit of one of the defendants stating that every plea so pleaded by the defendants is true and that they admit none of the plaintiff's claim to be due, etc. *Held,* that this affidavit is a sufficient compliance with the Act and shows that it was made on behalf of all the defendants although it does not formally so state and that consequently the plaintiff is not entitled to a judgment by default against the defendants, other than the affiant, for want of a proper affidavit.

Appeal from the Superior Court of Baltimore City (PHELPS, J.)

The cause was argued before FOWLER, BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*James P. Gorter* and *Richard H. Pleasants,* for the appellants.

*Wm. Ewin Bonn* (with whom were *Carrington & Carrington* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee instituted this suit in the Superior Court of Baltimore City against the appellant and Thomas S. Lee and

James Bartol as endorsers on two overdue promissory notes of the Diven Deved Foundry Company for $2,500 each. The action was brought under the Rule Day Act in force in Baltimore City and the original notes together with an affidavit by the plaintiff in the form prescribed by the Act were duly filed with the declaration.

The writ was returnable to the rule day which fell on May 11th, 1903. The appellant alone was returned summoned but on May 20th, 1903, Richard H. Pleasants, Esq., a member of the Baltimore Bar entered his appearance for all three of the defendants and filed joint pleas on their behalf of *nil debet* and *non assumpsit.* To these pleas was annexed an affidavit by James Bartol, one of the defendants, as follows : "State of Maryland, City of Baltimore, to wit :

"On this 19th day of May, in the year nineteen hundred and three, before me, the subscriber, a notary public of the State of Maryland, in and for Baltimore City, personally appeared James Bartol (one of) the above-named defendants, and made oath in due form of law, that every plea so pleaded by the defendants is true, and they admit none of the plaintiff's claim to be due and owing, and all is disputed ; and further, that the affiant verily believes the defendants will be able at the trial of the cause to produce sufficient evidence to support the said pleas, and that he is advised by counsel to file the said pleas."

Appended to the pleas and affidavit was a certificate signed by Mr. Pleasants that he "advised the defendants making the above oath and filing said pleas to do the same."

On May 27th, 1903, the appellee as plaintiff filed an *ex parte* motion in writing in the case for a judgment by default against the appellant, who was one of the three defendants, for want of a plea or pleas verified by a proper affidavit under the Act. The motion was granted and judgment by default was entered against the appellant, and on the following day it was extended by the Court for the full amount of the two notes and interest. From that judgment the present appeal was taken. The affidavit already mentioned had in fact been filed with the pleas but the learned Judge below treated it as not

complying with the requirements of the Act because it was made by only one of the defendants and did not in his opinion show on its face that it was made on behalf of all of them, and he therefore permitted the judgment to go against the appellant. The question of the sufficiency of the affidavit is thus directly presented for our determination by the appeal.

Many questions of practice arising under the so called Rule Day Act of Baltimore City have been passed upon by us under previous appeals. The original Act was chapter 323 of the Laws of 1858, and its purpose was to so modify the then existing practice in certain classes of cases in the Courts of Baltimore City as to enable plaintiffs to obtain speedy judgments upon just claims to which no substantial defense was interposed. The system of practice which grew up under the Act has from time to time been modified by subsequent legislation passed with a view to remedy defects revealed by experience in its operation and to render the evasion of its provisions more difficult. An essential feature of the system has always been to permit the plaintiff, if he filed with his declaration a sworn statement of the exact amount of his claim and also his original cause of action, if in writing, to procure an early judgment in his favor unless the defendant promptly filed pleas constituting a good defense verified by an affidavit made by himself or some one in his behalf.

The Act as now in force, so far as it relates to the present controversy is found in sections 312 and 313 of the Baltimore City Charter enacted by chapter 123 of the Laws of 1898. Section 312 provides that a plaintiff who has complied with the conditions required of him by the Act shall, in cases like the present one be entitled to judgment to be entered by the Court or the clerk thereof "on motion, in writing, at any time after fifteen days from the return day to which the defendant shall have been summoned, although the defendant may have pleaded, unless such plea contains a good defense, and unless the defendant or some one in his behalf shall, under oath or affirmation, state that every plea so pleaded by the defendant is true; and shall further state the amount of the plaintiff's de-

mand, if anything, admitted to be due and owing, and the amount disputed, and further, that the affiant verily believes the defendant will be able at the trial of the cause to produce sufficient evidence to support the plea as to the portion disputed, and that he is advised by counsel to file said plea."

It was admitted in the argument of the case before us that the appellee as plaintiff complied with the requirements of the Act in bringing his suit and that the only question to be determined was the sufficiency of the affidavit filed with the pleas.

An inspection of the affidavit shows that its contents embraced all of the matters which the Act requires to be sworn to by or on behalf of the defendants. It states that the pleas are true, that the defendants admit none of the plaintiff's claim to be due but dispute it all, that the affiant verily believes that the defendants will be able at the trial of the case to produce sufficient evidence to support the pleas and that he is advised by counsel to file them. It does not in so many words say that it is made on behalf of the other defendants as well as of the affiant but the Act does not require any formal statement of that fact to appear on the face of the affidavit.

We agree that under the terms of sec. 312, in cases having more than one defendant, the affidavit, itself should show that it was made on behalf of all of the defendants, but in our opinion the affidavit now under consideration gratifies that requirement of the Act. It appears at the foot of the joint pleas of all of the defendants and it expressly refers to and professes to be made in their support. It in no way refers to or suggests the existence of separate pleas of the affiant nor was there in fact ever any such separate plea in the case. Its statements relate exclusively to the joint transaction of all of the defendants. It asserts that every plea *pleaded by the defendants* is true, that *they* admit none of the plaintiffs' claim, and that he believes that the *defendants* will be able to produce sufficient evidence to support the pleas. The draftsman of the affidavit might well have followed the commendable suggestion contained in vol. 2, sec. 417, of *Poe's Pleading and Practice*, and framed it so as to state on its face that it

was made on *behalf of* all of the defendants, but it would have been unnecessary to change in any other respect a single line or expression in the document in order to put it in the form contended for by the appellee as the correct one. A mere absence of that formal statement from this affidavit should not in our judgment deprive the defendants of an opportunity to have the suit against them tried on its merits.

The Act by its express terms permits the affidavit to the defendants' pleas, in cases like the present one to be made by a third party on his behalf doubtless for the reasons suggested by our predecessors in *DeAtley* v. *Senior*, 55 Md. 483, that in some instances "the defense might rest on grounds to which some other person could with more safety and knowledge swear." The fact that the affidavit in the present case is made by one of the defendants who is himself a participant in all of the transactions to which it relates should also entitle it to the favorable consideration of the Court.

The judgment appealed from will be reversed and the case remanded for a trial on its merits.

> *Judgment reversed with costs and case*
> *remanded for trial on its merits.*

(Decided January 15th, 1904.)